693 N.W.2d 382 (2005)
472 Mich. 874
PEOPLE of the State of Michigan, Plaintiff-Appellant,
v.
Mohammad Ali MALIK, Defendant-Appellee.
Docket No. 127402. Calendar No. 247222.
Supreme Court of Michigan.
March 18, 2005.
On order of the Court, the application for leave to appeal the September 28, 2004 judgment of the Court of Appeals is considered, and it is DENIED, because we are not persuaded that the question presented should be reviewed by this Court.
WEAVER, J., would grant leave to appeal.
CORRIGAN, J., dissents and states as follows:
I would reverse the decision of the Court of Appeals, which incorrectly concluded that a limited search warrant impeded the authority of the police to effectuate a lawful arrest or to detain the occupant of a residence that was subject to a search. Rather, the proper question was whether the police officer had probable cause to detain or arrest the defendant's brother at the time the officer saw the additional illegal steroids in plain view. I believe that he did.
*383 Defendant was the addressee of a package containing illegal steroids. When the police effected a controlled delivery to defendant's address, defendant's brother signed for the package, claiming to be defendant. Before the delivery, the police obtained a search warrant that provided that officers could enter the home and retrieve the package if it remained unopened after a reasonable period elapsed.
Two hours later, the police executed the search warrant and located the package. At that point, the police intended to arrest defendant. Upon inquiry, the police were told that defendant was located in a back bedroom. When the police walked toward the back bedroom as directed, an officer observed the man who had earlier signed for the package, and claimed to be defendant, walking quickly into a bedroom. Assuming that the man was defendant, the officer followed the individual into the bedroom, at which time the officer saw additional contraband in plain view.
The Court of Appeals affirmed the circuit court order granting defendant's motion to suppress the seizure of the additional steroids and quash the charges against him. The panel held that the police exceeded the scope of the search warrant that allowed for the search and seizure of the delivered package only.
The touchstone of Fourth Amendment analysis is reasonableness. Ohio v. Robinette, 519 U.S. 33, 117 S.Ct. 417, 136 L.Ed.2d 347 (1996). "Fourth Amendment seizures are `reasonable' only if based on probable cause." Dunaway v. New York, 442 U.S. 200, 213, 99 S.Ct. 2248, 60 L.Ed.2d 824 (1979). "Where the standard is probable cause, a search or seizure of a person must be supported by probable cause particularized with respect to that person." Ybarra v. Illinois, 444 U.S. 85, 91, 100 S.Ct. 338, 62 L.Ed.2d 238 (1979). Consistent with this understanding, MCL 764.15(1)(c) provides that an officer may make an arrest without a warrant if a felony has been committed "and the peace officer has reasonable cause to believe the person committed it."
Here, the arresting officer had particularized reasonable cause to effectuate an arrest without a warrant against defendant's brother. Defendant's brother signed for a package known to contain illegal drugs, claiming to be the addressee/defendant. Because it is a felony to possess controlled substances,[1] the officer was statutorily authorized to question and arrest defendant's brother with respect to those controlled substances contained in the delivered package. When executing a valid arrest, an officer need not shut his eyes to evidence in plain view. See, e.g., Arizona v. Hicks, 480 U.S. 321, 326, 107 S.Ct. 1149, 94 L.Ed.2d 347 (1987); Maryland v. Buie, 494 U.S. 325, 110 S.Ct. 1093, 108 L.Ed.2d 276 (1990).
Moreover, the police officers were justified in detaining the man they believed to be defendant while the package was retrieved under the terms of the limited search warrant. As the United States Supreme Court noted in Michigan v. Summers, 452 U.S. 692, 702-703, 101 S.Ct. 2587, 69 L.Ed.2d 340 (1981):
In assessing the justification for the detention of an occupant of premises being searched for contraband pursuant to a valid warrant, both the law enforcement interest and the nature of the "articulable facts" supporting the detention are relevant. Most obvious is the legitimate law enforcement interest in preventing flight in the event that incriminating evidence is found. Less obvious, but sometimes of greater importance, is *384 the interest in minimizing the risk of harm to the officers.... The risk of harm to both the police and the occupants is minimized if the officers routinely exercise unquestioned command of the situation. [Emphasis supplied.]
In this situation, I believe the officer appropriately detained the person believed to be defendant  the person who identified himself as the addressee of the package of illegal drugs and who signed for possession of that package. The detention was further warranted to ensure the safety of the officers retrieving the package under the terms of the search warrant.
Under either of these bases, the officer was lawfully in a position from which to view the drugs in the bedroom. The Court of Appeals erred in affirming the lower court's order suppressing the seized drugs and quashing defendant's indictment. I would reverse.
NOTES
[1] MCL 333.7401.